**FILED**

MAY 2 0 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DONALD EUGENE FRAZIER JR. )
                              )
    Plaintiff,              )

CIV-15- 550 D

vs.                          )   CASE NO._____
                                )

VINTAGE STOCK, INC.       )
                                )   Demand For Jury Trial
    Defendant,           )

## COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT

Plaintiff, Donald Eugene Frazier Jr., files this action against Defendant, Vintage

Stock Inc., pursuant to 15 U.S.C. §1681 and by way of this complaint seeks to

enforce rights created under the Fair Credit Reporting Act (FCRA) and alleges the

following:

### JURISDICTION

1.    This Court has subject matter jurisdiction over Plaintiff's complaint brought

under Federal law pursuant to 15 U.S.C. §1681p.

### VENUE

2.    Venue is proper in this District Court pursuant to 28 U.S.C. §1391 because

Plaintiff is considered a resident of this district and Defendant, Vintage Stock, Inc.

conducts business and performed acts in this district giving rise to this cause of

action.

## PARTIES

3.    Plaintiff's mailing address is 224 Stonebrook Lane, Edmond, OK 73003 and is a "consumer" under the FCRA pursuant to 15 U.S.C. §1681.

4.    Defendant is a corporation with it's principle place of business located at 202 E. 32nd Street, Joplin, MO 64804 and is a "user of consumer reports" under the FCRA pursuant to 15 U.S.C. §1681.

## STATEMENT OF FACTS

5.    Plaintiff, Donald Eugene Frazier Jr., submitted an application for a position with Vintage Stock on August 21, 2014.

6.    Plaintiff had two interviews with the store manager "Ronnie Von Hemel" of Vintage Stock's location in Moore, OK. The first interview held on 9/5/2014 with the store manager and the second interview scheduled to include the District Manager on 9/18/2014. The District Manager from Tulsa, OK, (Mr. Rodney Payne) was unable to attend as scheduled, however, Plaintiff was told to report for training on 9/19/2014. Plaintiff also signed a separate authorization document requesting disclosure for the background check on 9/18/2014.

7.    Plaintiff received an email later that evening on 9/18/2014 indicating the background check came back negative and due to the result, the Plaintiff would not be hired. Plaintiff spoke with Mr. Von Hemel in person the following day on 9/19/2014 concerning the background check and was told to contact Vintage

Stock's Human Resource Manager, "Paula Lawless". Plaintiff called Paula Lawless at the company's corporate office on 9/19/2014 and left a voicemail for a reply. *See attached* Exhibit 1

8.      Vintage Stock's application contained a question asking if Plaintiff had received a felony conviction in the last 10yrs and/or a misdemeanor conviction in the past 5 yrs. Plaintiff truthfully checked "No" to both questions. *See attached* Exhibit 2

9.      On 9/22/2014, Plaintiff emailed Paula Lawless requesting a copy of the background report and received a company reply stating it does not provide copies of background checks to applicants and instructed Plaintiff to contact the company who provided the background check "Inteligator" referencing only the company's email address. *See attached* Exhibit 3 and Exhibit 3A

10.     On 9/23/2014 a second email request was made for a copy of the background report from Vintage Stock, Inc. The company replied that due to the nature of the felony/misdemeanor convictions and the type of business they are in, they have made the decision not to hire the Plaintiff. *See attached* Exhibit 4 and Exhibit 4A

11.     On 9/24/2014 Plaintiff responded to email sent by Vintage Stock on 9/23/2014 indicating it's information was vague and made a third request for the report via email. Vintage Stock, stated their decision was final and the matter was

considered closed and again instructed the Plaintiff to contact Inteligator. *See*

*attached* Exhibit 5 and Exhibit 5A

12.    Inteligator received a Warning letter from the Federal Trade Commission

(FTC) on January 25, 2012 concerning their business practices and the potential

liability for use of reports obtained from the company. *See attached* Exhibit 6

13.    The Defendant obtained and used consumer report information from

Inteligator for employment purposes neglecting Inteligator's disclaimer in their

"Terms of Service Agreement" that stated the reports provided by their site should

not be used for employment eligibility or screening purposes. *See attached* Exhibit

7

14.    The consumer report procured by Vintage Stock, Inc. from Inteligator and

later obtained by the Plaintiff through an administrative "Freedom of Information"

request from the EEOC is incomplete and contains errors such as lacking

conviction dates, not citing charge by statute, and not specifying the correct type of

conviction for each charge (felony/misdemeanor).

## CLAIM I

15.    Plaintiff realleges paragraphs 9 through 11 and claims the Defendant failed

to provide a copy of their procured background check report at the Plaintiff's

request after taking an "adverse action" by refusal of hire due to consumer

information contained in the report and used for employment purposes. 15 U.S.C. §1681(b)(3)(A)(i)

## CLAIM II

16.     Plaintiff realleges paragraphs 9 through 11 and claims the Defendant failed to provide Plaintiff " a description of the rights of the consumer" in writing upon taking an adverse action by refusing to hire due to consumer information contained in the report and used for employment purposes. 15 U.S.C. §1681b(3)(A)(ii)

## CLAIM III

17.     Plaintiff realleges paragraph 7 through 11 claiming that after five days of repeated attempts to obtain a report from employer through written correspondence, the defendant neglected to allow Plaintiff an ability to dispute and correct (according to statute) "any" inaccuracies of consumer information contained in the background check before finalizing the adverse action of refusal to hire. 15 U.S.C. §1681(b)(3)(B)(i)(IV)

## CLAIM IV

18.     Plaintiff realleges paragraph 6, 12, and 13, claiming the Defendant neglected to comply with the certification requirements as a "user of consumer reports for employment purposes". 15 U.S.C. §1681b(b)(1)(A)(i) Plaintiff signed a written authorization expecting the Defendant to comply with applicable laws ensuring the

legality and accuracy of the information to be obtained from a procured consumer report. 15. U.S.C. §1681b(b)(2)(A)

## CLAIM V

19.     Defendant's standardized employment application provided to Plaintiff contains information or a liability waiver that is contrary to federal law and regulations violating section 604(2)(b)(A) of the "Fair Credit Reporting Act" which requires that a disclosure consist "solely" of the disclosure that a consumer report may be obtained for employment purposes. The liability waiver is tantamount to permitting violations of the FCRA without accountability. *Singleton v. Domino's Pizza, LLC*, Civil Action No. DKC 11-1823, 2012 WL 245965 (D. Md. Jan. 25, 2012)

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this court pursuant to 15. U.S.C. §§1681n, 1681o, and 1681p and pursuant to the courts own equitable powers:

(a)     Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this complaint according to statue, and

(b)     Award Plaintiff monetary civil penalties for violations of the FRCA alleged in this complaint to include:

1. A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits he would have received but for the wrongful adverse action taken against him "due" to the inaccurate background report.

2. A judgment against Defendant awarding Plaintiff compensatory damages as redress for violations of the FCRA.

3. A judgment against Defendant awarding Plaintiff punitive damages for willful and gross neglect in that Defendant's action were immediate, repetitive, and direct without due consideration.

4. A judgment against Defendant awarding Plaintiff compensation for nonpecuniary losses in an amount to be determined at trial.

5. In the event that an attorney for the Plaintiff is retained, an amount equal to the cost of bringing this action including reasonable attorney fees.

## REQUEST FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

Respectfully submitted,

Donald Eugene Frazier Jr., Pro Se
Mailing address: 224 Stonebrook Lane
Edmond, OK 73003
(405) 482-5964
Email: donf08@yahoo.com