IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD EUGENE FRAZIER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-550-D |
| | ) |
| VINTAGE STOCK, INC., | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 13], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Donald Eugene Frazier, Jr., who appears *pro se*, has responded in opposition to the Motion, which is fully briefed.[1]

Plaintiff brings suit under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x, to recover damages allegedly suffered when he was not hired by Defendant Vintage Stock, Inc. in September 2014 due to negative information obtained through a criminal background check. The Complaint purports to state five claims for relief. Defendant moves to dismiss two claims because they are based on FCRA provisions that are allegedly inapplicable under the circumstances. Defendant further moves to dismiss all claims for failing to allege either that Plaintiff suffered actual damages as a result of the alleged FCRA violations or that Defendant committed a willful violation, which would permit the recovery of statutory damages.

---

[1] Defendant did not file a reply brief within the time period provided by LCvR7.1(i).

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.

**Allegations of the Complaint**

Plaintiff claims Defendant denied his application for employment after it obtained, with his permission, a background check showing a history of criminal convictions. Plaintiff alleges he repeatedly requested a copy of the background report from Defendant but Defendant refused to provide one and instead instructed him to contact the report's provider, InteliGator. Plaintiff further alleges InteliGator received a warning letter from the Federal Trade Commission about potential violations of the FCRA in 2012, and Defendant ignored provisions of InteliGator's service agreement prohibiting the use of its information or data

for any purpose covered by FCRA, including employment screening. Plaintiff states he finally obtained a copy of the report that Defendant used against him by making a request for records from the EEOC (presumably after he filed an EEOC charge) and the report is incomplete and contains errors. Plaintiff claims a job offer extended by one of Defendant's store managers was withdrawn based on negative information from the background check, and he seeks a monetary award of "an amount equal to lost wages and employment benefits he would have received but for the wrongful adverse action against him due to the inaccurate background report," as well as other unspecified damages. *See* Compl. [Doc. No. 1], p.7.

**Discussion**

Civil liability for negligent or willful noncompliance with any requirement imposed by FCRA is authorized under § 1681n and § 1681o. Plaintiff asserts as "Claim I" and "Claim II" in his Complaint that Defendant violated § 1681b(b)(3)(A)(i) and (ii), respectively, by failing to provide him a copy of the report and written notice of his FCRA rights before taking an adverse action on his employment application. *See* Compl. [Doc. No. 1], ¶¶ 15-16. The claim asserted as "Claim III" is that Defendant's alleged FCRA violations prevented Plaintiff from disputing and correcting the inaccuracies in the consumer report before Defendant refused to hire him. *Id*. ¶ 17. As legal authority, Plaintiff cites 15 U.S.C. § 1681b(b)(3)(B)(i)(VI). However, this provision governs applications for employment made solely "by mail, telephone, computer, or other similar means," and Plaintiff alleges he was interviewed in person. *See id*. § 1681b(b)(3)(B)(i); Compl. [Doc.

3

No. 1], ¶ 6. Also, the provision applies only to applications for a position subject to federal or state transportation regulations, not the one sought by Plaintiff. *See id*. § 1681b(b)(3)(C).

Plaintiff argues in his brief that Claim III is a consequence of the FCRA violations alleged in Claims I and II. While this may be true, it is not a separate FCRA violation. He also argues that, despite a mistaken legal citation, the same obligation allegedly violated by Defendant arises under § 1681g(c)(1)(B). But this provision merely lists a summary of a consumer's rights provided by FCRA. These are not obligations of a person who uses a consumer report to take an adverse employment action. Therefore, the Court finds that Claim III must be dismissed.

Plaintiff's "Claim IV" is that Defendant failed to comply with the certification requirement applicable to persons who obtain consumer reports to be used for employment purposes, citing § 1681b(b)(1)(A). This provision states a condition under which a consumer reporting agency is authorized to furnish a consumer report for employment purposes, and requires a certification from the person obtaining the report that FCRA has been and will be followed. Defendant argues that a violation of this provision provides a cause of action against an agency that provides the report without obtaining the required certification rather than the person who fails to certify its compliance with FCRA. Liberally construing Plaintiff's allegations,[2] the Court understands that the violation asserted in Claim IV is that

---

[2] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citation omitted).

Defendant obtained his consumer report in violation of FCRA. InteliGator furnished the report without obtaining the required certification by Defendant because its service agreement expressly prohibited the use of its reports for employment purposes. It is Defendant's conduct, not InteliGator's conduct, that is the subject of Claim IV. Accordingly, the Court finds that Claim IV should not be dismissed for the reason asserted in Defendant's Motion with respect to this claim.

Finally, Defendant contends that Plaintiff cannot prevail on any FCRA claim because he has failed to plead a factual basis for actual or statutory damages. The Court disagrees. Plaintiff alleges he lost an employment position for which he otherwise would have been hired because of Defendant's FCRA violations. Although his alleged damages are stated in a part of the Complaint labeled "Request for Relief," he plainly states that he lost wages and employment benefits as a result of Defendant's adverse action. Therefore, the Court finds that the Complaint should not be dismissed due to failure to allege any damages. Accordingly, the Court need not reach the additional issue of statutory damages.

## Conclusion

For these reasons, the Court finds that Plaintiff's third claim for relief fails to state a claim upon which relief can be granted and must be dismissed but, otherwise, the Complaint states plausible FCRA claims.[3]

---

[3] Dismissal of Claim III without leave to amend is appropriate because Plaintiff could not cure the legal deficiency in his pleading with respect to this claim and amendment would be futile.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 13] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 20th day of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE