IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD EUGENE FRAZIER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-550-D |
| | ) |
| VINTAGE STOCK, INC., | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court are Defendant's Motion for Continuance of Plaintiff's Motion for Partial Summary Judgment Pursuant to F.R.C.P. 56(d) [Doc. No. 23], which was timely opposed and is fully briefed,[1] and Defendant's Alternative Motion for Additional Time to Respond to Plaintiff's Motion for Partial Summary Judgment [Doc. No. 26], which seeks a two-week extension of time to file its summary judgment response if a continuance is denied.

### **Factual and Procedural Background**

Plaintiff Donald Eugene Frazier, Jr., who appears *pro se*, filed this action under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x, based on claims that Defendant Vintage Stock, Inc. violated multiple FCRA provisions in connection with his application for employment. By Order of August 20, 2015, the Court granted in part and denied in part a motion to dismiss the Complaint, and Defendant timely answered on

---

[1] Defendant did not file a reply brief within the time period provided by LCvR7.1(i). Plaintiff recently filed a motion to supplement his response, and the time for Defendant to respond to this motion has not expired. However, the supplemental response that Plaintiff seeks to file [Doc. No. 28] is not pertinent to the issues raised by Defendant's request for a continuance.

September 3, 2015. Prior to the setting of an initial scheduling conference, and before a discovery conference had been conducted pursuant to Fed. R. Civ. P. 26(f), Plaintiff filed a motion for summary judgment on September 17, 2015. *See* Pl.'s Mot. Partial Summ. J. [Doc. No. 20] (hereafter, "Plaintiff's Motion"). Plaintiff seeks a summary adjudication pursuant to Fed. R. Civ. P. 56 of the FCRA claim asserted as Claim I in his Complaint, which is, Defendant violated § 1681b(b)(3)(A)(i) by failing to provide him a copy of a background report containing negative information regarding criminal convictions before taking adverse action on his employment application. *See* Compl. [Doc. No. 1], ¶ 15.

After Plaintiff moved for partial summary judgment, Defendant promptly sought the protection of Fed. R. Civ. P. 56(d), asking the Court to deny or defer a ruling on Plaintiff's Motion until discovery can be conducted. *See*. Def.'s Mot. Contin. Pl.'s Mot. Partial Summ. J. Pursuant to F. R.C.P. 56(d) [Doc. No. 23] (hereafter, "Rule 56(d) Motion"). Defendant's Rule 56(d) Motion is accompanied by an affidavit of a corporate representative that points out the lack of any pretrial disclosures or discovery to date, and states the following "facts or information discovery might reveal in support of [Defendant's] defense of Plaintiff's claims . . . :" a) "that Plaintiff has suffered no actual damages as a result of [Defendant's] alleged conduct;" b) "that Plaintiff has failed to mitigate the actual damages incurred, if any . . . ; and c) that Defendant's alleged FCRA violation was "negligent, rather than willful, thereby barring Plaintiff's claims for statutory and punitive damages under the FCRA." *See* Lawless Aff. [Doc. No. 23-1], ¶ 9. Plaintiff opposes the Rule 56(d) Motion on the grounds that Defendant has access to information already in its possession regarding the undisputed

2

facts pertinent to Claim I and he "is not requesting in the Motion for Partial Summary Judgment that an assessment of damages be immediately determined." *See* Pl.'s Resp. Opp'n Def.'s Mot. Contin. [Doc. No. 24], pp.4-5 (ECF page numbering).

**Standard of Decision**

Rule 56(d) authorizes a district court to defer considering or deny a motion for summary judgment, or allow time to obtain affidavits or take discovery, "[i]f a nonmovant shows by afidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *See* Fed. R. Civ. P. 56(d). Where a party desires additional discovery before a summary judgment ruling, the party "must present an affidavit that identifies 'the probable facts not available and what steps have been taken to obtain these facts. The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact.'" *FDIC v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)).

**Discussion**

Upon consideration of the parties' arguments, an examination of Plaintiff's summary judgment brief, and a review of the case record, the Court finds that Defendant's Rule 56(d) Motion should be granted and that Plaintiff's Motion should be denied, without prejudice to refiling, as premature under the circumstances. Plaintiff's Motion addresses only one of multiple FCRA claims asserted in the Complaint, and from the allegations of Plaintiff's pleading and his arguments in opposition to Defendant's initial motion to dismiss, there appears to be a substantial overlap among the facts pertinent to all claims. Plaintiff has filed

a Rule 56 motion regarding the merits of his action before any opportunity for discovery has occurred.[2] Rule 56 "implicitly requires the district court to allow the nonmoving party an opportunity to respond before summary judgment is entered against it." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1163 (10th Cir. 1998); *see also* Fed. R. Civ. P. 56(f). Defendant would be deprived of a reasonable opportunity to oppose Plaintiff's Motion if Defendant were required to respond before any discovery is conducted.

While Defendant focuses its need for discovery on issues related to Plaintiff's damages, the Court finds that effective case management and an orderly disposition of claims and defenses is best achieved by allowing dispositive motions to be filed only after a reasonable time period for discovery. Also, denying Plaintiff's Motion – rather than simply deferring it or permitting discovery related to it – will best serve the interests that Rule 56 is designed to achieve, permitting in one summary judgment proceeding an adjudication of all claims and defenses that may be resolved as a matter of law on undisputed facts.[3] Requiring Defendant to respond to Plaintiff's Motion before he has provided any pretrial disclosures or discovery materials will likely result in piecemeal briefing and multiple requests for supplemental filings as pertinent factual information comes to light.[4]

---

[2] Under the Federal Rules of Civil Procedure now in effect, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" and the timing of a Rule 26(f) discovery planning conference is tied to the initial scheduling conference, which has not been held in this case. *See* Fed. R. Civ. P. 26(d)(1), (f)(1).

[3] Pursuant to LCvR56.1(a), a party may file only one summary judgment motion without leave of court.

[4] Notably, Plaintiff has already moved to supplement his opening brief to correct a factual error regarding the representative of Defendant knowledgeable of facts regarding the background report.

Further, in denying Defendant's motion to dismiss, the Court did not reach the issue of statutory damages because it found that Plaintiff had sufficiently alleged the asserted FCRA violations caused actual damages. According to the Complaint, a job offer extended by one of Defendant's store managers was withdrawn based on negative information from the background check, and Plaintiff prayed for a monetary award of "an amount equal to lost wages and employment benefits he would have received but for the wrongful adverse action against him due to the inaccurate background report," as well as other unspecified damages. *See* Compl. [Doc. No. 1], p.7. Based on Plaintiff's alleged loss of wages and employment benefits as a result of Defendant's refusal to hire him, the Court found that the Complaint should not be dismissed for failure to allege any damages, as asserted by Defendant. *See* Order of 8/20/15 [Doc. No. 16], p.5.

Now, however, Plaintiff does not identify in the supporting brief for his Motion any actual damages caused by Defendant's failure to provide a copy of the background report before refusing to hire him. Plaintiff instead argues in support of his Motion only that statutory and punitive damages are available under FRCA. *See* Pl's Br. Supp. Mot. Partial Summ. J. [Doc. No. 21], pp.6-7. Such damages require a finding of a willful violation. *See Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) (citing 15 U.S.C. § 1681n(a)). "A 'willful' violation is either an intentional violation or a violation committed . . . in reckless disregard of [the violator's] duties under the FCRA." *Id.* (citing *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57-58 (2007)). Thus, the facts surrounding Defendant's

alleged FCRA violation are critical to Plaintiff's success on the claim for which summary judgment is sought.

## Conclusion

For these reasons, the Court finds that Defendant's Rule 56(d) Motion should be granted and that Plaintiff's Motion should be denied as premature.

IT IS THEREFORE ORDERED that Defendant's Motion for Continuance of Plaintiff's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) [Doc. No. 23] is GRANTED, and Defendant's Alternative Motion for Additional Time to Respond to Plaintiff's Motion for Partial Summary Judgment [Doc. No. 26] is DENIED as moot. Related motions filed by Plaintiff – Plaintiff's Motion for Leave to File Supplement to Plaintiff's Response in Opposition to Defendant's Motion for Continuance Pursuant to Fed. R. Civ. P. 56(d) [Doc. No. 29] and Plaintiff's Motion for Leave to File Documents Under Seal to Plaintiff's Response in Opposition to Defendant's Motion for Continuance Pursuant to Fed. R. Civ. P. 56(d)[Doc. No. 30] – are also DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 20] is DENIED without prejudice to refiling, if appropriate, at a later time.

IT IS SO ORDERED this 20th day of October, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE